UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIELLE LUCIA D'ADDONA,

Plaintiff,

-against-

TOWN OF CORTLANDT, et al.,

Defendants.

**ORDER OF SERVICE**

7:25-CV-5812 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff Danielle Lucia D'Addona, of Ossining, New York, brings this action *pro se* asserting claims under 42 U.S.C. §§ 1983, 1985, and under state law, seeking damages, injunctive relief, and declaratory relief. The Court grants her motion for leave to file a second amended complaint (Doc. 11). *See* Fed. R. Civ. P. 15(a)(2); *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (the "special solicitude" due *pro se* litigants includes, among other things, "relaxation of the limitations on the amendment of pleadings"). Accordingly, Plaintiff's proposed second amended complaint (Doc. 10, "SAC") is the operative pleading for this action.[1]

Plaintiff's second amended complaint names the following municipality and individuals as Defendants: (1) the Town of Cortlandt ("TOC"); (2) Sergeant Rokicki, a member of the Westchester County Police Department ("WCPD"); (3) WCPD Police Officer Osterman; (4) unidentified WCPD Police Officer "Jane Doe #2"; (5) Judge Kimberly E. Ragazzo, a Town Justice of the TOC Justice Court; (6) Judge Livia Rodrguez, another Town Justice of the same

[1] The Court denies Plaintiff's motion for leave to file an amended complaint (Doc. 7) as unnecessary. *See* Fed. R. Civ. P. 15(a)(1) (a party may file an amended pleading once as a matter of course without leave under certain circumstances).

court; and (7) unidentified "Defendant District Attorney (John Doe #3)," who is the "[p]rosecuting attorney for the [TOC] Court, responsible for actions against Plaintiff."[2] (SAC at 1-2).

In addition to damages, Plaintiff seeks: (1) the return of her seized vehicle (or a replacement or alternative transportation); (2) a declaration that Defendants have violated her constitutional and statutory rights; (3) the quashing of TOC Justice Court-issued warrants and a "prohibiti[on] [of] further retaliation"; (4) costs, litigation expenses, and attorneys' fees; (5) the Court's ordering of the responsible parties "to undergo comprehensive retraining and policy review"; (6) the "immediate dismissal and withdrawal of all related matters currently pending"; and (7) any other relief deemed just and proper. (*Id.* at 4). In addition to the relief sought in her second amended complaint, Plaintiff has filed "a motion for injunctive relief and stay of state court proceedings"[3] (Doc. 8) and a "status request and motion to expedite initial review and service" (Doc. 14).

The Court construes Plaintiff's second amended complaint as asserting claims under Sections 1983 and 1985 against all of the Defendants named in that pleading, as well as claims under state law against the police Defendants (Rokicki, Osterman, and WCPD Police Officer "Jane Doe #2").

By order dated September 17, 2025, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth in this order, the Court dismisses Plaintiff's claims under Sections 1983 and 1985 against the TOC, Judges Ragazzo

---

[2] Plaintiff's motion for leave to file a second amended complaint includes "Westchester County Actors" as an additionally named defendant. (Doc. 11 at 1). A subsequently filed letter by Plaintiff includes the WCPD as another additionally named defendant. (Doc. 12). The Court will only, however, contemplate those Defendants named in the second amended complaint. (SAC at 1-2).

[3] Plaintiff asks this Court, in that motion, to: (1) stay Plaintiff's pending TOC Justice Court proceedings arising from her April 8, 2025 arrest; (2) enjoin the judge Defendants "from issuing or enforcing further bench warrants or competency orders against Plaintiff"; (3) direct the Defendants to immediately release Plaintiff's vehicle without fines, fees, or other conditions; and (4) grant any other relief the Court deems proper. (Doc. 8 at 3).

and Rodriguez, and the unidentified "Defendant District Attorney." The Court directs service on Defendants Rokicki and Osterman, and directs the Westchester County Attorney to provide to Plaintiff and to the Court the identity, badge number, and service address of unidentified Defendant WCPD Police Officer "Jane Doe #2." Other than Plaintiff's motion for leave to file a second amended complaint, which the Court has granted, for the reasons set forth in this order, the Court denies all of Plaintiff's pending motions filed in this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"), which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that

the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

## **DISCUSSION**

A. The Town of Cortlandt

The Court dismisses Plaintiff's claims under Sections 1983 and 1985 against the TOC. When a plaintiff sues a municipality, like the TOC, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality entity itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dept of Soc. Servs*., 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal or other local government entity policy, custom, or practice, and; (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted). The same is true for claims under Section 1985 against a municipality. *See Zherka v. City of New York*, 459 F. App'x 10, 12 (2d Cir. 2012) (summary order) (quoting *Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979)).

Plaintiff alleges no facts showing that a policy, custom, or practice of the TOC caused a violation of her federal constitutional rights. Thus, the Court dismisses Plaintiff's claims under Sections 1983 and 1985 against the TOC for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, however, the Court dismisses such claims without prejudice.[4]

B. Claims under Sections 1983 and 1985 against Judges Ragazzo and Rodriguez

The Court must dismiss Plaintiff's claims under Sections 1983 and 1985 against Judges Ragazzo and Rodriguez under the doctrine of judicial immunity. Under this doctrine, judges are absolutely immune from suit for damages in their individual capacities for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 9-12 (1991); *Deem v. DeMella-Deem*, 941 F.3d 618, 620-21 (2d Cir. 2019) (affirming district court's dismissal of Section 1983 and 1985 claims under the doctrine of judicial immunity). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209. This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Judicial immunity does not apply when a judge takes action outside his or her judicial capacity, or when a judge takes action that, although judicial in nature, is taken in absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). Moreover, "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity

[4] Plaintiff describes the TOC as the "[m]uncipal entity responsible for the Town Court and policies affecting the conduct of court actors and interactions with law enforcement." (SAC at 1). It appears, in making such a description, she is referring to the Town of Cortlandt Justice Court, where Judges Ragazzo and Rodriguez preside. That court, like all Justice Courts within the State of New York, however, are arms of the State of New York. *See Bell v. Brown*, No. 12-CV-07804, 2025 WL 2930266, at *4 n.6 (S.D.N.Y. Oct. 15, 2025) (citing, among other cases, *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009)).

of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). In addition, Section 1983, as amended in 1996, provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

To the extent that Plaintiff asserts claims under Sections 1983 and 1985 for damages and injunctive relief against Judges Ragazzo and Rodriguez, arising from any of their acts or rulings taken in the course of their presiding over Plaintiff's matters in the TOC Justice Court, Plaintiff has failed to allege any facts showing that these judge Defendants have acted beyond the scope of their judicial responsibilities or outside of their jurisdiction. *See Mireles*, 509 U.S. at 11-12. Inasmuch as Plaintiff sues Judges Ragazzo and Rodriguez for "acts arising out of, or related to, individual cases before" them, *Bliven*, 579 F.3d at 210, the doctrine of judicial immunity applies to her claims under Sections 1983 and 1985 for damages and injunctive relief against these judge Defendants.[5] The Court therefore dismisses these claims against these Defendants, under the doctrine of judicial immunity,[6] because Plaintiff seeks monetary relief from defendants who are immune from such relief, *see* § 1915(e)(2)(B)(iii), and because such claims are frivolous, *see*

[5] Even if the Court were to construe Plaintiff's second amended complaint as asserting claims under state law against Judges Ragazzo and Rodriguez, such claims against these Defendants would be precluded by the state-law doctrine of judicial immunity. *See Uppal v. N.Y.S. Dep't of Health*, No. 16-CV-03038, 2019 WL 4735385, at *11 (S.D.N.Y. Sept. 27, 2019) (citing *Shmueli v. City of New York*, 424 F.3d 231, 238 (2d Cir. 2005)); *L.B. v. Town of Chester*, 232 F. Supp. 2d 227, 237-39 (S.D.N.Y. 2002) (Sweet, D.J.).

[6] The amendment to Section 1983, allowing for injunctive relief against a judicial officer only if a state-court declaratory decree was violated or state-court declaratory relief is unavailable, bars Plaintiff from seeking injunctive relief against Judges Ragazzo and Rodriguez. This is so because Plaintiff can seek review of these judges' actions and/or rulings in the New York State appellate courts. *See Berlin v. Meijia*, No. 15-CV-05308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017) ("Here, no declaratory decree was violated and declaratory relief is available to plaintiffs through an appeal of the state court judges' decisions in state court."), *appeal dismissed*, No. 17-3589 (2d Cir. May 18, 2018).

§ 1915(e)(2)(B)(i); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute].").[7]

C. Claims under Sections 1983 and 1985 against the unidentified "Defendant District Attorney"

To the extent that Plaintiff asserts claims for damages under Sections 1983 and 1985 against the unidentified "Defendant District Attorney," arising from that Defendant's prosecution of Plaintiff in the TOC Justice Court, the Court must dismiss such claims under the doctrine of prosecutorial immunity. Under this doctrine, prosecutors are immune from individual-capacity civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). This immunity applies to, among other prosecutorial actions, the decision of whether to prosecute someone. *See Simon v. City of New York*, 727 F.3d

[7] In addition, to the extent that Plaintiff asks for this Court's intervention into her ongoing proceedings in the TOC Justice Court, the Court additionally denies such relief pursuant to the abstention doctrine articulated by the Supreme Court of the United States in *Younger v. Harris*, 401 U.S. 37 (1971). Under that doctrine, a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 404 U.S. 37). It has been extended to the three following categories of state-court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013). It applies to claims for injunctive relief, as well as to claims for declaratory relief, sought in a federal court that would cause that court to intervene in any of those abovementioned types of state-court proceedings. *See Kirschner v. Klemons*, 225 F.3d 227, 235 (2d Cir. 2000). Plaintiff alleges nothing to suggest that any bad faith, harassment, or irreparable injury that is both serious and immediate has occurred in her TOC Justice Court proceedings. Thus, the *Younger* abstention doctrine prevents this Court from intervening into those proceedings.

167, 171 (2d Cir. 2013). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that prosecutors' direction as to where a criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and prosecutors were therefore shielded by absolute immunity). In addition to applying to Section 1983 claims, this doctrine has been applied to Section 1985 claims as well. *See, e.g.*, *Murphy v. Mezzella*, No. 7:25-CV-01950, 2026 WL 1480450, at *5 (S.D.N.Y. May 26, 2026).

Here, Plaintiff's claims under Sections 1983 and 1985 against the unidentified "Defendant District Attorney" are based on his or her actions that were within the scope of his or her official duties as a prosecutor (deciding whether or not to prosecute Plaintiff and actually prosecuting her) and were associated with the conduct of a trial (Plaintiff's pending proceedings in the TOC Justice Court). The Court therefore dismisses Plaintiff' claims under Sections 1983 and 1985 for damages against the unidentified "Defendant District Attorney," under the doctrine of prosecutorial immunity,[8] for seeking monetary relief from a defendant who is immune from such relief, *see* § 1915(e)(2)(B)(iii), and because such claims are frivolous, *see* § 1915(e)(2)(B)(i); *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (holding, for the purposes of the IFP statute, that a claim dismissed under the doctrine of prosecutorial immunity is deemed frivolous).

---

[8] Even if the Court were to construe Plaintiff's second amended complaint as asserting claims under state law against the unidentified "Defendant District Attorney," such claims against this Defendant would be precluded by the state-law doctrine of prosecutorial immunity. *See Shmueli*, 424 F.3d at 237-38; *Stewart v. City of New York*, No. 1:10-CV-05628, 2011 WL 1532007, at *2 (S.D.N.Y. Apr. 18, 2011) ("Prosecutors enjoy absolute immunity from suits brought against them in their individual capacities under 42 U.S.C. § 1983 *or state law* for their acts that are intimately associated with the judicial phase of the criminal process." (citations, footnote, and citations omitted)).

D. Service on Defendants Rokicki and Osterman

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the assistance of the court and the United States Marshals Service ("USMS") to effect service.[9] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Rokicki and Osterman through the USMS, the Clerk of Court is instructed to fill out USMS and Return forms ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses for Defendants Rokicki and Osterman and deliver to the USMS all the paperwork necessary for the USMS to effect service of summonses and the second amended complaint on these Defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if she fails to do so.

E. Unidentified Defendant WCPD Police Officer "Jane Doe #2"

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the federal district court in identifying an unidentified defendant and that defendant's service address. 121 F.3d 72, 76 (2d Cir. 1997). In the second amended complaint, Plaintiff supplies sufficient information to

[9] Although Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)") generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the second amended complaint until the Court reviewed the second amended complaint and ordered that summonses be issued for Defendants Rokicki and Osterman. The Court therefore extends the time to serve these Defendants until 90 days after the date that summonses for these Defendants are issued. If the summonses and the second amended complaint are not served on Defendants Rokicki and Osterman within 90 days from the date that the summonses for these Defendants are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

permit the WCPD to identify unidentified Defendant WCPD Police Officer "Jane Doe #2"; she is the WCPD Police Officer who, along with Sergeant Rokicki and Police Officer Osterman, was present during, and assisted in, their arrest of Plaintiff in the TOC on April 8, 2025. It is therefore ordered that the Westchester County Attorney, who is the attorney for and agent of the WCPD, must ascertain the identity, badge number, and service address of unidentified Defendant WCPD Police Officer "Jane Doe #2." The Westchester County Attorney must provide this information to Plaintiff and to the Court within 60 days of the date of this order.

Upon receipt of this information, the Court will deem the second amended complaint amended as to that defendant and will issue an order directing the Clerk of Court to complete the USM-285 form with the address for the newly-named defendant.

F. City Bar Justice Center

The City Bar Justice Center ("CBJC") operates the SDNY Federal Pro Se Legal Assistance Project to assist parties representing themselves with civil cases in this court.[10] Appointments can be scheduled by completing the CBJC's intake form. If you are not able to complete this form, or if you have questions about the form, please call (212) 382-4794. A flyer with details is attached.

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court grants Plaintiff's motion for leave to file a second amended complaint. (Doc. 11). Plaintiff's proposed second amended complaint (Doc. 10) is the operative pleading for this action.

[10] The CBJC is a private organization that is not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

The Court denies Plaintiff's motion for leave to file an amended complaint (Doc. 7) as unnecessary. In addition, for the reasons discussed in this order, the Court denies Plaintiff's "motion for injunctive relief and stay of state court proceedings" (Doc. 8) and her "status request and motion to expedite initial review and service" (Doc. 14).

The Court understands Plaintiff's second amended complaint as asserting claims under 42 U.S.C. §§ 1983 and 1985 against all of the Defendants named in the second amended complaint, as well as claims under state law against Defendants Rokicki, Osterman, and unidentified WCPD Police Officer "Jane Doe #2."

The Court dismisses, without prejudice, Plaintiff's claims under Sections 1983 and 1985 against the Town of Cortlandt, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court dismisses Plaintiff's claims under Sections 1983 and 1985 against Judges Ragazzo and Rodriguez, under the doctrine of judicial immunity, because Plaintiff seeks monetary relief from defendants that are immune from such relief, *see* § 1915(e)(2)(B)(iii), and because such claims are frivolous, *see* § 1915(e)(2)(B)(i).

The Court dismisses Plaintiff's claims under Section 1983 and 1985 against the unidentified "Defendant District Attorney," under the doctrine of prosecutorial immunity, for same reasons. *See* § 1915(e)(2)(B)(i), (iii).

The Court directs the Westchester County Attorney to comply with the abovementioned *Valentin* instructions.

Plaintiff may receive court documents by email by completing the form, Consent to Electronic Service.[11]

The Clerk of Court is respectfully requested to: (i) terminate the Town of Cortlandt, Judges Ragazzo and Rodriguez and the unidentified "Defendant District Attorney" as Defendants in this action; (ii) terminate Docs. 7, 8, 11, and 14; (iii) issues summonses for Defendants Rokicki and Osterman; (iv) complete USM-285 forms with the service addresses for Defendants Rokicki and Osterman; (v) deliver all documents necessary to effect service of summonses for these Defendants and the second amended complaint (Doc. 10) on these Defendants to the USMS; and (vi) mail a copy of this order and a copy of the second amended complaint (Doc. 10) to the following address: Westchester County Attorney, Westchester County Law Department, Michaelian Office Building, Suite 600, 148 Martine Avenue, White Plains, New York 10601.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: White Plains, New York
July 22, 2026

PHILIP M. HALPERN
United States District Judge

[11] If Plaintiff consents to receive documents by email, she will no longer receive court documents by regular mail.

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Sergeant Rokicki, Badge No. 3151
Westchester County Police Department
1 Saw Mill River Parkway
Hawthorne, New York 10532

2. Police Officer Osterman, Badge No. 114
Westchester County Police Department
1 Saw Mill River Parkway
Hawthorne, New York 10532

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT

in the Southern District of New York (SDNY)

CITY BAR JUSTICE CENTER

## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

- **Counseling** about potential federal claims prior to filing suit
- **Interpreting and explaining** federal law and procedure
- **Reviewing drafted pleadings** and correspondence with the Court
- Consulting on **discovery** matters
- Assisting with the **settlement** process (including **mediation**)