Plaintiff's motion for leave to file the proposed third amended complaint is granted. The Court will separately docket the operative pleading.

The County Attorney is directed to advise the Court by letter by November 20, 2026 whether it will be representing Westchester County (a newly added defendant) and whether it will agree to accept service of the summons and complaint on the County's behalf.

Defendants' pending pre-motion letter addressed to the Second Amended Complaint (Doc. 26) is denied as moot. The Clerk of Court is respectfully requested to terminate the pending motions (Doc. 26, Doc. 28).

SO ORDERED.

_______________________
Philip M. Halpern
United States District Judge

Dated: White Plains, New York
November 6, 2026

# UNITED STATES DISTRICT CO
# SOUTHERN DISTRICT OF NEV

---

**DANIELLE LUCIA D'ADDONA,**
Plaintiff,

-against-

**COUNTY OF WESTCHESTER, et al.,**
Defendants.

Case No. **25-cv-05812**

---

**PLAINTIFF'S MOTION SUBMISSION FOR LEAVE TO AMEND**

**Submitted to:**

The Honorable Philip M. Halpern
United States District Judge
Southern District of New York

---

**CONTENTS**

1. Plaintiff's Letter-Motion for Leave to File Third Amended Complaint
2. Proposed Third Amended Complaint (TAC)
3. Redlined Comparison of Second Amended Complaint (SAC) and Proposed Third Amended Complaint (TAC)

---

Respectfully submitted,

/s/ DANIELLE LUCIA D'ADDONA
Plaintiff, Sui Juris

Dated: November 1, 2026

# PLAINTIFF'S LETTER-MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

Hon. Philip M. Halpern
United States District Judge
Southern District of New York

Dear Judge Halpern:

Plaintiff respectfully requests leave to file the proposed Third Amended Complaint pursuant to Rule 4(C)(ii) of the Court's Individual Practices, Federal Rule of Civil Procedure 15(a)(2), and Local Civil Rule 15.1.

Plaintiff seeks leave to amend to address the pleading deficiencies identified by the County, clarify and narrow the claims being pursued, and present a more complete statement of the remaining federal constitutional claims.

**I. PROCEDURAL HISTORY AND APPLICATION OF RULE 4(C)(ii)**

The County provided Plaintiff with an initial deficiency letter identifying asserted pleading deficiencies in the Second Amended Complaint. Pursuant to Judge Halpern's Individual Practices, Rule 4(C)(ii), Plaintiff prepared and transmitted a written response dated October 20, 2026, addressing the County's objections and explaining her position concerning the identified issues.

Plaintiff transmitted that response by certified mail. The available postal tracking documentation reflects acceptance and transit of the correspondence. The County subsequently represented that it had not received Plaintiff's response.

Despite Plaintiff's attempt to complete the first exchange contemplated by Rule 4(C)(ii), the County proceeded to submit its October 26, 2026 pre-motion letter seeking permission to move to dismiss.

On October 29, 2026, Plaintiff informed the Court in writing that she intended to formally seek leave to amend to address the identified pleading deficiencies.

Plaintiff now submits this request pursuant to Rule 4(C)(ii), together with the complete proposed Third Amended Complaint. Plaintiff respectfully asks the Court to consider that she attempted to respond to the County's initial deficiency letter and that the proposed amendments are intended to address the issues raised in that correspondence.

**II. REASONS FOR THE PROPOSED AMENDMENT**

Case 7:25-cv-05812-PMH Document 28 Filed 11/03/25 Page 3 of 7

The proposed Third Amended Complaint is intended to clarify and narrow the claims being pursued and to address the issues raised concerning the sufficiency of the allegations.

Among other revisions, Plaintiff has:

1. Focused the pleading on claims arising under 42 U.S.C. § 1983 and the federal constitutional rights allegedly violated;
2. Removed the judicial defendants and allegations seeking to impose liability upon them, thereby narrowing the defendants and claims remaining in this action;
3. Clarified the factual and constitutional basis for challenging the initiation, continuation, and renewal of the April 8, 2025 seizure, including the alleged statements that Plaintiff was free to leave and the subsequent police conduct;
4. Further developed the allegations concerning the seizure, towing, impoundment, and continued retention of Plaintiff’s 2018 Ford Escape, including why Plaintiff disputes that generalized references to public safety establish a lawful basis for the particular seizure;
5. Clarified the allegations concerning the officers’ use of force and the circumstances surrounding the presence of Plaintiff’s infant son during the encounter;
6. Revised the municipal-liability allegations to identify the asserted constitutional training and supervisory deficiencies and the basis upon which Plaintiff seeks to pursue those claims, subject to the applicable pleading requirements; and
7. Revised the damages allegations and requested relief to distinguish compensatory damages, continuing loss-of-use damages, nominal damages, and punitive damages against eligible individual defendants.
8. Plaintiff has further reviewed and reorganized the documentary exhibits accompanying the proposed Third Amended Complaint. The proposed exhibit set has been revised to remove duplicative or unnecessary materials, and include additional documentation relevant to the factual allegations. These revisions are intended to make the proposed pleading and its supporting attachments more organized, focused, and readily understandable. The revised exhibits do not change the underlying occurrence at issue. They are submitted in support of the factual allegations and claims described in the proposed Third Amended Complaint.These revisions are intended to provide a clearer account of the events, the constitutional theories being pursued, and the relief requested.

**A. Correction of the Proper Municipal Defendant**

The proposed Third Amended Complaint also identifies the County of Westchester, rather than the Westchester County Police Department, as the municipal defendant for purposes of Plaintiff’s Monell claim under 42 U.S.C. § 1983.

This amendment is intended to correct the identification of the proper municipal entity responsible for the policies, customs, practices, training, and supervision challenged in this action. The Westchester County Police Department was identified in the Second Amended Complaint in connection with the same April 8, 2025 events and the same alleged constitutional

violations. Plaintiff now seeks to identify the County of Westchester as the appropriate municipal entity against which municipal liability may properly be pursued.

This correction does not arise from a new incident, a separate factual occurrence, or an unrelated theory of liability. Rather, it concerns the proper municipal party associated with the same underlying conduct and municipal-liability allegations already placed at issue in this action.

Plaintiff is not seeking to impose liability upon the County solely because it employed the individual officers. The proposed pleading asserts municipal liability only to the extent that the evidence establishes a municipal policy, custom, or legally sufficient failure to train or supervise that was the moving force behind an underlying constitutional violation.

Plaintiff respectfully requests that the Court permit this correction as part of the proposed Third Amended Complaint.

## III. LEGAL STANDARD AND REQUEST

Judge Halpern's Individual Practices, Rule 4(C)(ii), establish a procedure through which a plaintiff whose time to amend as of right has expired may seek leave to amend to address deficiencies identified in the defendant's initial deficiency letter. Plaintiff respectfully requests that the Court consider her request in light of that procedure and the circumstances surrounding the attempted exchange.

Plaintiff attempted to avail herself of this procedure by transmitting her written response on October 20, 2026. The County's subsequent representation that it did not receive that correspondence should not be treated as a failure by Plaintiff to attempt the required exchange, particularly where Plaintiff possesses postal documentation reflecting transmission of the response.

Plaintiff acknowledges that the County submitted its October 26, 2026 pre-motion letter before this formal request for leave. Nevertheless, Plaintiff respectfully requests that the Court consider the circumstances surrounding the attempted first exchange, Plaintiff's October 29, 2026 notice of her intent to amend, and the substance and purpose of the proposed amendments.

Independently, Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely given when justice so requires. Plaintiff seeks leave in good faith to address the issues raised, narrow the claims, correct the identification of the proper municipal defendant, and present the remaining federal claims in a more focused and complete pleading.

The proposed amendment is not sought for purposes of delay or to impose unfair prejudice upon Defendants. Rather, it is intended to assist the Court and the parties by clarifying the factual allegations, constitutional theories, proper municipal defendant, and relief being pursued.

Plaintiff submits a clean copy of the proposed Third Amended Complaint, together with a redlined version identifying the proposed changes from the Second Amended Complaint. The exhibits relied upon in the proposed pleading are included with the proposed complaint.

**REQUEST FOR SERVICE BY THE UNITED STATES MARSHALS SERVICE**

Plaintiff previously received authorization to proceed in forma pauperis by Order dated September 17, 2025. Accordingly, upon the Court's granting of leave to file the proposed Third Amended Complaint and its acceptance as the operative pleading, Plaintiff respectfully requests that the Court direct the Clerk of Court to issue the necessary summonses and forward the summonses and operative complaint to the United States Marshals Service for service upon the newly identified municipal defendant, County of Westchester, and any other Defendants requiring service, pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3). Plaintiff further requests that the Court provide any necessary instructions concerning the completion of service forms or submission of service addresses.

For these reasons, Plaintiff respectfully requests that the Court grant leave to file the proposed Third Amended Complaint and direct that it be accepted as the operative pleading upon filing, subject to any further instructions of the Court.

Respectfully submitted,

/s/ DANIELLE LUCIA D’ADDONA
**DANIELLE LUCIA D’ADDONA**
Plaintiff, Sui Juris
207 Barnes St.
Ossining, New York
(929) 624-8187
daddona1224@gmail.com

Dated: October 29, 2026